**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4308**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

NOE COREAS-MEJIA, a/k/a Tsunami,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:16-cr-00444-PX-3)

Submitted: October 15, 2019         Decided: October 17, 2019

Before GREGORY, Chief Judge, and THACKER and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Anthony D. Martin, ANTHONY D. MARTIN, PC, Greenbelt, Maryland, for Appellant. William Moomau, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noe Coreas-Mejia seeks to appeal his 396-month sentence, imposed pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, for conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Coreas-Mejia's guilty plea was knowing and voluntary. The Government has filed a motion to dismiss the appeal pursuant to the appeal waiver in the plea agreement. For the reasons that follow, we dismiss in part and affirm in part.

"The validity of a waiver of appeal . . . is reviewed de novo, and we will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "In the absence of extraordinary circumstances, a properly conducted [Fed. R. Crim. P.] 11 colloquy establishes the validity of the waiver." *Id.*

We have reviewed the plea agreement and the transcript of the Rule 11 hearing and conclude that Coreas-Mejia knowingly and voluntarily pled guilty and waived his right to appeal his conviction and sentence. Because Coreas-Mejia waived his right to appeal his sentence, and because his 396-month sentence falls within the range agreed upon by the parties in the plea agreement and is within the statutory maximum, we grant the Government's motion in part and dismiss his appeal of his sentence. *See* 18 U.S.C. § 3742(c)(1) (2012).

2

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious, nonwaived issues for appeal. We therefore affirm Coreas-Mejia's conviction. This court requires that counsel inform Coreas-Mejia, in writing, of the right to petition the Supreme Court of the United States for further review. If Coreas-Mejia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Coreas-Mejia.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*